### Peoria Life Association v. Bernard Goodwin.

INSURANCE—*when false statements in application vitiates.* An action upon an insurance policy may be defeated by showing that the insured in his application falsely represented that he was not and had not been afflicted with a venereal disease.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

WOLFENBARGER & MAY and DWYER & DWYER, for appellant.

SALMANS & DRAPER, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Bernard Goodwin brought suit in the Circuit Court of Vermilion county against the Peoria Life Association upon a policy of insurance providing for payment in case of permanent disability and recovered a verdict in the sum of $500. Judgment was rendered thereon 'and the insurance company appealed.

Appellant filed several special pleas, among them one which averred that the appellee in his application for insurance had made a false statement as to his health, in that he had falsely represented to the company that he had never had syphilis, when, in fact, he had had such a disease prior to that time, and that by means of such false and fraudulent statement the policy was rendered null and void. Issue was joined upon such plea and the cause submitted to a jury upon the evidence, who found the issues in favor of the appellee.

Appellant has assigned a number of errors, but in the view we take of the case, it is only necessary to discuss one of them.

Appellant contends that the verdict is against the manifest weight of the evidence and for that reason the judgment should be reversed. We have made a careful examination of the evidence and are fully satisfied that this error is well assigned.

The application upon which appellant issued its policy of insurance was made on the ninth day of November, 1903, and the policy of insurance was is-

sued seven days thereafter. In the application which appellee signed in order to secure a policy was this question: "Have you now, or ever had syphilis?" to which appellee answered: "No."

The evidence seems to greatly preponderate in favor of the untruthfulness of this answer and that appellee knew it to be untrue when he made it, as averred in said plea. Edward C. Grover, a neighbor of appellee, testified that he often visited appellee in the spring and summer of 1903; that he had a conversation with him in June or July of that year when appellee said, "He was knocked out, that he had a dose and that it had been the cause of trouble between himself and wife and that it had caused their separation and was the primary cause of her getting a divorce from him." This conversation, appellee did not deny. Anna McMillan testified that she knew appellee was sick; that he had a breaking out on his body and that to the best of her recollection it was in the spring of 1903. L. E. Sears testified that he had a conversation with appellee on March 29, 1905, in which he said he took the syphilis about four years prior to that time. W. G. Renneberg testified to the same thing, in substance, that Sears did. A. L. Fox testified that in a conversation he had with appellee in November, 1904, appellee said that he contracted the disease three years prior to that time.

While appellee denied some of these conversations and testified upon his examination in chief that he did not know on the ninth day of November, 1903, that he then had or ever had the disease in question, the evidence as a whole seems to point overwhelmingly to the conclusion that appellee was a victim of the disease for a considerable time prior to November 9, 1903, and that he knew of the fact as early as the spring or summer of 1903, if not earlier. Appellee's testimony upon this subject was quite unsatisfactory and his claim upon the appellant seems to have been based upon the theory which he stated to the witness

Sears, to the effect that it made no difference whether or not he had the disease, since the doctor, who examined him when he made his application, had passed upon the same favorably and had recommended him as a fit subject for insurance.

The verdict is against the manifest weight of the evidence. The judgment is reversed and the cause remanded.

*Reversed and remanded.*